UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SPEECH TRANSCRIPTION, LLC<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.<br><br>Defendant. | Case No. 6:23-cv-376<br><br>**CISCO'S ANSWER TO THE ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Defendant Cisco Systems, Inc. ("Defendant" or "Cisco"), by and through its undersigned counsel, for its Answer to the Complaint filed by Plaintiff Speech Transcription, LLC ("Plaintiff" or "Speech Transcription"), states as follows:

## PARTIES

1. Cisco lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 1 of the Complaint, and therefore denies the same.

2. Cisco admits that it is a Delaware corporation. Cisco also admits that it may be served through its registered agent for service in Texas located at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Cisco denies the remaining allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Cisco admits that the Complaint purports to state a claim arising under the patent laws of the United States, in particular 35 U.S.C. § 271, *et seq*. Cisco also admits that the Complaint

1

purports to seek damages, attorney fees, and costs. Cisco denies the remaining allegations in Paragraph 3 of the Complaint.

4.  Cisco admits that this Court generally has original subject matter jurisdiction over actions for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.  The allegations in Paragraph 5 call for a legal conclusion to which no response is required. To the extent a response is required, Cisco admits that it transacts business in the United States, including in the State of Texas and this District, and admits that it has appointed an agent for service of process in Texas. Cisco denies the remaining allegations in Paragraph 5 of the Complaint.

6.  Cisco admits that it conducts business in the State of Texas. Cisco explicitly denies any allegation of infringement. Cisco lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 6 of the Complaint, and therefore denies the same.

7.  Cisco admits that it has offices within this District. Cisco lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 7 of the Complaint, and therefore denies the same.

8.  The allegations in Paragraph 8 call for a legal conclusion to which no response is required. To the extent a response is required, Cisco responds that it will not contest that venue is proper in this District for the purposes of this action. Cisco denies that this District is a convenient venue in which to litigate this action and reserves all rights to pursue a motion in that regard. Cisco denies that it infringes the Patents-in-Suit in this District or elsewhere. To the extent not specifically admitted, Cisco denies the remaining allegations in paragraph 8 of the Complaint.

## THE PATENT-IN-SUIT

9. Cisco admits that the face of the document attached as Exhibit A appears to be U.S. Patent No. 8,938,799 (the '799 Patent). Cisco lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 9 of the Complaint, and therefore denies the same.

10. The allegations in Paragraph 10 call for a legal conclusion to which no response is required. To the extent a response is required, Cisco denies the allegations in Paragraph 10 of the Complaint.

11. The allegations in Paragraph 11 call for a legal conclusion to which no response is required. To the extent a response is required, Cisco denies the allegations in Paragraph 11 of the Complaint.

12. The allegations in Paragraph 12 call for a legal conclusion to which no response is required. To the extent a response is required, Cisco lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 12 of the Complaint, and therefore denies the same.

13. Cisco denies that it infringes or has infringed the '799 Patent.

14. Paragraph 14 offers characterizations of passages from Exhibit A to the Complaint that require no response. To the extent that a response is required, the characterizations of Exhibit A contained in paragraph 14 are vague, and, as a result, Cisco lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 14 of the Complaint, and therefore denies the same. Cisco also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 14 of the Complaint, and therefore denies the same.

15. Paragraph 15 calls for a legal conclusion that requires no response. Paragraph 15 further offers characterizations from Exhibit A to the Complaint that require no response. To the extent that a response is required, the characterizations of Exhibit A contained in paragraph 14 are vague, and, as a result, Cisco lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 15 of the Complaint, and therefore denies the same. Cisco also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 15 of the Complaint, and therefore denies the same.

16. Paragraph 16 offers characterizations from Exhibit A to the Complaint that require no response. To the extent that a response is required, the characterizations of Exhibit A contained in paragraph 16 are vague, and, as a result, Cisco lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 16 of the Complaint, and therefore denies the same. Cisco also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 16 of the Complaint, and therefore denies the same.

17. Paragraph 17 offers characterizations from Exhibit A to the Complaint that require no response. To the extent that a response is required, the characterizations of Exhibit A contained in paragraph 17 are vague, and, as a result, Cisco lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 17 of the Complaint, and therefore denies the same. Cisco also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 17 of the Complaint, and therefore denies the same.

18. Paragraph 18 offers characterizations from Exhibit A to the Complaint that require no response. To the extent that a response is required, the characterizations of Exhibit A contained in paragraph 18 are vague, and, as a result, Cisco lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 18 of the Complaint, and therefore

denies the same. Cisco also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 18 of the Complaint, and therefore denies the same.

19. Denied.

20. Denied.

21. Denied.

22. Cisco admits that the face of the '799 Patent, attached as Exhibit A to the complaint, names Aravind Moorthy as the Primary Examiner. Cisco lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 22 of the Complaint, and therefore denies the same.

23. Paragraph 23 offers allegations regarding beliefs of the Primary Examiner of the '799 Patent, for which Cisco lacks sufficient knowledge or information to form a belief, and therefore denies the same. Cisco also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 23 of the Complaint, and therefore denies the same.

24. Cisco lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 24 of the Complaint, and therefore denies the same.

25. Denied.

26. The allegations in Paragraph 26 call for a legal conclusion to which no response is required. To the extent a response is required, Cisco lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 26 of the Complaint, and therefore denies the same.

**ACCUSED INSTRUMENTALITIES**

27. Denied.

**COUNT I (INFRINGEMENT OF UNITED STATES PATENT NO. 8,938,799)**

28.     Cisco incorporates its answer to all previous paragraphs by reference as if fully stated herein.

28.     Cisco admits that the Complaint purports to state a claim arising under the patent laws of the United States, in particular 35 U.S.C. § 271, *et seq.* [1]

29.     Cisco admits that it has knowledge of the '799 Patent after the service of the Complaint in this matter. Cisco denies the remaining allegations of Paragraph 29 of the Complaint. Cisco specifically denies that it infringes or has infringed the '799 Patent, and also expressly denies that it had any pre-suit knowledge of the '799 Patent.

30.     The allegations in Paragraph 30 call for a legal conclusion to which no response is required. To the extent a response is required, Cisco denies the allegations in Paragraph 31 of the Complaint, and specifically denies any allegation of infringement.

31.     Denied.

32.     Denied.

33.     The allegations in Paragraph 33 call for a legal conclusion to which no response is required. To the extent a response is required, Cisco admits that it has knowledge of the '799 Patent after the service of the Complaint in this matter and denies the remaining allegations in this paragraph. Cisco specifically denies any infringement of the '799 Patent.

34.     Denied.

35.     Denied.

---

[1] The Complaint recites Paragraph 28 twice.

36. Cisco admits that the document attached as Exhibit B purports to be a claim chart. Cisco denies the remaining allegations in Paragraph 36 of the Complaint, and specifically denies any infringement of the '799 Patent.

37. The allegations in Paragraph 37 incorporate the purported claim chart in Exhibit B, to which no response is required. To the extent a response is required, Cisco denies the allegations in Paragraph 37 of the Complaint, and specifically denies any infringement of the '799 Patent.

38. Denied.

39. Denied.

40. Denied.

41. The allegations in Paragraph 41 call for a legal conclusion to which no response is required. To the extent any response is required, Cisco lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 41 of the Complaint, and therefore denies the same.

## DEMAND FOR JURY TRIAL

42. Paragraph 42 consists of a jury demand for which no response is required. Cisco also demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

43. Cisco denies that Plaintiff is entitled to any of the relief requested.

## DEFENSES

Subject to its responses above, and upon information and belief, Cisco alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of

proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, Cisco specifically reserves all rights to allege additional defenses pursuant to any scheduling order, that become known through the course of discovery, or otherwise.

### FIRST DEFENSE – NON-INFRINGEMENT

1. Cisco has not (i) directly infringed, either literally or under the Doctrine of Equivalents, or (ii) indirectly infringed, by either inducing others to infringe or contributing to others' infringement, either literally or under the Doctrine of Equivalents, any valid or enforceable claim of U.S. Patent No. 8,938,799 (the "'799 Patent" or the "Patent-in-Suit").

### SECOND DEFENSE – INVALIDITY

2. The claims of the '799 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to sections 101, 102, 103, 112, and/or 116, or judicially created doctrines of invalidity, including but not limited to obviousness-type double patenting or the Rules and Regulations of the United States Patent and Trademark Office relating thereto.

### THIRD DEFENSE – EQUITABLE DOCTRINES

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, estoppel, implied license, patent misuse, and/or unclean hands.

### FOURTH DEFENSE – LIMITATION ON DAMAGES

4. Plaintiff's claims for relief are barred, in whole or in part, by operation of the applicable statutes that limit damages and other relief, including but not limited to 35 U.S.C. §§ 286, 287, and 288. Plaintiff has not pleaded or proven any pre-suit notice, pre-suit patent marking

by any of its licensees, or any other basis for pre-suit damages.

### FIFTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

5. Plaintiff is estopped based on amendments, statements, representations, and admissions made during prosecution of the applications that led to the Patent-in-Suit from asserting any interpretation of the claims of the Patent-in-Suit that would be broad enough to cover any of Cisco's products or methods alleged to infringe the Patent-in-Suit.

### SIXTH DEFENSE – NO WILLFUL INFRINGEMENT

6. Plaintiff is not entitled to enhanced or increased damages for willful infringement because Cisco has not engaged in any conduct that meets the standard for willful infringement (nor has Plaintiff alleged any such conduct).

### SEVENTH DEFENSE – LIMITATION ON DAMAGES

7. Plaintiff's claims are barred by the statute of limitations for a civil action for patent infringement as set forth in 35 U.S.C. §286.

### SEVENTH DEFENSE – LIMITATION ON DAMAGES

8. To the extent that Speech Transcription was not the sole and total owner of all substantial rights in any of the Patents-in-Suit as of the filing date of the Complaint, Speech Transcription lacks standing to bring one or more claims in this lawsuit.

### CISCO'S PRAYER FOR RELIEF

WHEREFORE, Cisco prays for the following relief:

A. Dismissal with prejudice of Plaintiff's Complaint in its entirety;

B. Denial of all remedies sought by Plaintiff in this Complaint;

9

C.       Declaration that Cisco does not infringe, and has not infringed, any claim of the Patent-in-Suit, either directly or indirectly, literally or under the Doctrine of Equivalents, willfully, or otherwise;

D.       Declaration that all claims of the Patent-in-Suit are invalid for failing to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112 and/or 116;

E.       Declaration that the Patent-in-Suit is unenforceable against Cisco in whole or in part under the doctrine of waiver, acquiescence, equitable estoppel, exhaustion, implied license, unclean hands, patent misuse, prosecution history estoppel, license, and/or Plaintiff's failure to comply with 35 U.S.C. § 287;

F.       Declaration that this case is exceptional and that Cisco is entitled to an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

G.       Any such other and further relief as the Court may deem just and fair.

## JURY DEMAND

Cisco demands a jury trial of all issues so triable.

Dated: July 24, 2023                              Respectfully submitted,

/s/ *K. Padmanabhan*

**WINSTON & STRAWN LLP**
Krishnan Padmanabhan
California Bar No. 254220
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
kpadmanabhan@winston.com

**ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon all counsel of record via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure on July 24, 2023.

                                                */s/ K. Padmanabhan*